### T. B. Archer *v.* The State.

1. Sunday Law.— Indictment, in order to charge an offense under art. 186 of the Penal Code, should allege that the accused was either a merchant, a grocer, or a dealer in wares and merchandise, or a trader in a lawful business, as the case may be.

2. Same.—If there be an exception in the enacting clause of a statute, such exception must be negatived, and though this be necessary, yet, if the subject-matter of the negative averment lies peculiarly

within the knowledge of the accused, the averment is taken as true unless disproved by the accused.

3. SAME.— Prosecutions for selling liquor on Sunday do not, however, come within the exception. The allegation that the accused was "a dealer" does not occupy the position of a proviso or exception, but is an essential affirmative allegation, and must be proved.

4. SAME — EVIDENCE.— Proof that the accused was merely a clerk in the saloon will not sustain the allegation that he was a dealer.

APPEAL from the County Court of Johnson. Tried below before the Hon W. J. EWING, County Judge.

The opinion sufficiently discloses the case.

*Oatis & Kouns,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J. Appellant was convicted under article 186 of the Penal Code, for selling whiskey on Sunday. The indictment, as was required by the provisions of that article, charged that "one Anderson and the defendant, being then and there dealers in spirituous liquors, said business of dealing in spirituous liquors being then and there lawful, did then and there unlawfully sell one quart of spirituous liquors, etc., on the sixth day of June, eighteen hundred and eighty, the said sixth day of June being then and there Sunday."

If this indictment had omitted to charge that the defendant was a merchant, grocer, or dealer in wares and merchandise, or trader in any lawful business, it would have been fatally defective. One of these allegations was absolutely required in order to the sufficiency of the indictment. Being, then, necessary to the sufficiency of the indictment to charge one of these facts, was it necessary to prove the allegation? We think so. These elements, or one of them, are ingredients of the offense; and it is a well-settled principle that these must be proved, unless

the case comes under the exception which is as follows: If there is an exception in the enacting clause, the indictment must negative the exception, and thereby show that the defendant is not within the exception; and though it is necessary to negative this exception, yet if the subject-matter of the negative averment lies peculiarly within the knowledge of the defendant, the averment is taken as true, unless disproved by the defendant. This proposition has been held correct by any number of the decisions of our Supreme and Appellate Courts. But notwithstanding this it is in direct conflict with article 1241 of the Code of Criminal Procedure.   That article provides: "Everything should be stated in an indictment which it is necessary to prove, but that which it is not necessary to prove need *not* be *stated.*"   It is well known to the profession that in prosecutions under the old act against carrying arms, under the act for violating the estray laws, and the act for selling whiskey without license, each and every proviso or exception contained in the enacting clause was required to be negatived by proper allegations in the indictment. Notwithstanding this, we have an unbroken line of decisions holding in these very cases that, though these negative allegations are necessary, the State is not required to prove them.   Because, if the defendant comes within the provisos or exceptions, having the means in his power he can show it without the least inconvenience; whereas if this character of proof were required of the State, great inconvenience would follow.   Greenleaf's Ev. vol. 1, sec. 79.

. But, to return: This case does not come within the exception.   The allegation that defendant was a "dealer" does not occupy the position of a proviso or exception; therefore it is not within the rule.   It is not only an essential but an affirmative charge, and must be proved as alleged.

The evidence shows that the defendant was merely a

clerk in the saloon.   This is not sufficient.   It is insisted that the single act of selling constitutes a "dealer."   If so, there was no necessity or sense in inserting in the act this or the other elements.   It should have provided that if any person should sell or barter on Sunday he should be punished.   This the legislature had not done, and as the legislature,—the law-making power,—has seen proper to insert in the act certain elements of the offense, we are not at liberty to eliminate them from the act, and make acts penal which are not denounced as such by the law.

The verdict not being supported by the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*